UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

ASLEY DASSAS,

        Petitioner,

v.                                        Case No. 2:26-cv-247-JES-DNF

WARDEN MATTHEW MORDANT, et al.,

        Respondents.
_____

## OPINION AND ORDER

Petitioner Asley Dassas initiated this action on February 5, 2026 by filing a 28 U.S.C. § 2241 petition for writ of habeas corpus. (Doc. 1). He argued that he was being illegally detained by Immigration and Customs Enforcement (ICE) despite having a pending application for temporary protected status (TPS). (Id.) The following day, Dasses was released from physical custody and ordered to report to Intensive Supervision Appearance Program (ISAP) and ICE on February 9, 2026 where he was fitted with an ankle monitor. (Doc. 4 at 3; Doc. 4-3). In an amended petition (Doc. 4), Dassas challenges the requirement that he wear an ankle monitor while his application for TPS is pending. Respondents argue that ICE's use of an ankle monitor on TPS applicants is legal. (Doc. 5). For the follow reasons, the amended petition is denied.

Dassas entered the United States on August 2, 2023, under the

Haitian Humanitarian Parole Program. (Doc. 4 at 5; Doc. 1-3). In 2024, he timely applied for TPS under 8 U.S.C. § 1254a. (Doc. 4 at 1). His application remains pending with United States and Immigration Citizenship Services (USCIS). (Id.) It is undisputed that Dasses was released from physical custody soon after filing his original petition. Dassas now argues, and the Court agrees, that ankle monitoring constitutes a type of "custody" within the meaning of the habeas statute. See e.g., 28 U.S.C. § 2241; Clements v. Florida, 59 F.4th 1204, 1213 (11th Cir. 2023) ("Non-citizens released on supervision while awaiting a final decision in their immigration proceedings are deemed to be 'in custody' for purposes of habeas corpus." (quoting United States ex rel. Marcello v. Dist. Dir. of INS, New Orleans, 634 F.2d 964, 971 & n.11 (5th Cir. 1981))). But while TPS applicants are protected from removal and entitled to employment authorization while their applications are being considered, they are not necessarily protected from all restrictions on their freedom.[1]

The TPS statute provides that "[a]n alien provided temporary protected status . . . shall not be detained . . . on the basis of the alien's immigration status in the United States." 8 U.S.C. § 1254a (d)(4). Even when, as here, a TPS application remains

---

[1] It is unnecessary for the Court to address whether Petitioner's continued physical detention would have been unlawful under the INS or whether Dassas would be able to prove a due process violation under a different (or expanded) set of facts.

pending, an alien is entitled to certain protections if he or she "establishes a prima facie case of eligibility[.]" 8 U.S.C. § 1254a(a)(4)(B).[2] Specifically, § 1254a(a)(4) limits the benefits extended to TPS eligible noncitizens to those appearing in paragraph one, which are protection from removal from the United States and an "'employment authorized' endorsement or other appropriate work permit." No further benefits are listed.

Had Congress intended to give TPS applicants the full protections and benefits that are accorded to TPS recipients, it could have done so. Instead, it delineated the specific benefits available to such persons. Thus, the Court concludes that § 1254a(4) only protects such persons from removal and provides work authorization, but does not preclude electronic monitoring. See In re Visteon Corp., 612 F.3d 201, 224 (3d Cir. 2010) ("A fundamental canon of statutory construction is that where a section of a statute does not include a specific term or phrase used elsewhere in the statute, the drafters did not wish such a requirement to apply.") (internal quotation omitted).

Because § 1254a does not specifically prohibit the described restriction on Dassas' freedom (an ankle monitor), the facts before the Court do not entitle him to habeas corpus relief.

Accordingly, it is **ORDERED:**

---

[2] The Court assumes, without deciding, that Dassas has established prima facie eligibility for TPS status.

1. Asley Dassas' Amended Petition for Writ of Habeas Corpus (Doc. 4) is **DENIED**.

2. The Clerk is **DIRECTED** to terminate any pending motions and deadlines, enter judgment, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on March 9, 2026.